# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| DISCOVERY PRACTICE MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, <br><br> Defendant. | **CIVIL ACTION** <br><br> **Case No.:** |

## NOTICE OF PETITION FOR REMOVAL

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION**

United States Courthouse
207 Northwest Second Street
Ocala, Florida 34475
(352) 369-4860

**PLEASE TAKE NOTICE** that Defendant, **LANDMARK AMERICAN INSURANCE COMPANY** (hereinafter, "Landmark"), hereby gives notice of removal of the above-captioned action, pursuant to 28 U.S.C. §§1332, 1441, and 1446, from the Circuit Court of the Fifth Judicial Circuit In and For Lake County, Florida, to the United States District Court for the Middle District, Ocala Division. This action is styled by *Discovery Practice Management, Inc. v. Landmark American Insurance Company,* Case No.: 2019-CA1932 (the "State Action"). The grounds for removal are as follows:

1.   On or about September 6, 2019, the Plaintiff, Discovery Practice Management Inc. (the "Plaintiff"), commenced this civil action against Landmark in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, by filing a Summons and omplaint, Case

6256259.1

Number 2019-CA001932 (the "State Action").

2.  On or about September 9, 2019, Plaintiff served a copy of the Summons and Complaint, Civil Cover Sheet, Designations of Email for Service and Discovery Demands on the Chief Financial Officer of the State of Florida, who thereafter transmitted the documents to Landmark's registered agent on September 11, 2019.  Pursuant to 28 U.S.C. §1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind are being filed with this Notice of Removal.  See "State Court Pleadings," collectively attached hereto as **Exhibit "A**."

3.  This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Ocala Division, the court for the district which embraces the state court where the removed State Action was pending.

4.  This removal is effected and has been timely filed within one (1) year after commencement of the action and within thirty (30) days after Landmark received service of the Plaintiff's Summons and Complaint, the time provided for the removal of actions to the United States District Court.  *See* 28 U.S.C. §1446(b); See Ex. A.

5.  This Court has jurisdiction.  This case is removable pursuant to 28 U.S.C. 1332, 1441, and 1446 because the parties are completely diverse and the amount in controversy exceeds $75,000.

## COMPLETE DIVERSITY EXISTS

6.  Plaintiff is incorporated in the State of California with its principal executive offices/entity address at 4281 Katella Avenue, Suite 111, Los Amitos, California.  *See* corporate filing documentation for Plaintiff attached hereto as **Exhibit "B."**  The Insured properties are also

located at:

    a.    14915 Fostgate Road, Monteverde, Florida 32756;

    b.    14915 Fostgate Road, Monteverde, Florida 32756 (warehouse);

    c.    151 Southhall Lane, Suite 175, Maitland, Florida 32751;

    d.    11300 Hwy 1, Suite 150, Palm Beach, Florida 33408; and

    e.    2111 W. Swann Avenue, Suite 201 and 202, Tampa, Florida 33606.

*See* Complaint, ¶ 2.

7. Landmark is incorporated in the State of New Hampshire with its principal place of business in Atlanta, Georgia and, thus, it is a citizen of New Hampshire and Georgia. See New Hampshire Department of State business information printout attached hereto as **Exhibit "C."** Landmark is not a citizen of or incorporated in the State of Florida, nor a citizen of or incorporated in California. At all times material to this action, Landmark has been a foreign corporation doing business in Florida. Complete diversity exists between the parties in accordance with 28 U.S.C.§ 1332.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

8. Plaintiff's Complaint asserts a cause of action for breach of contract, alleging that Landmark breached the subject insurance policy by failing to pay all of the damages caused by a loss on or about September 9, 2017. See Complaint, ¶ 8-18. Plaintiff further asserts that it was forced to retain legal counsel to represent its interest in this cause and is entitled to legal fees. See Complaint, ¶ 17. Based upon the claim submitted, it is Landmark's understanding that the disputed claimed amount exceeds $75,000, exclusive of costs and interest. See attached email from representative of Plaintiff advising that its claim is in excess of $250,000 attached hereto as

**Exhibit "D."** This email is attached solely for the purpose of establishing that the amount in controversy exceeds $75,000 and should be used for no other purpose.

9. No previous application has been made for the relief requested herein.

10. This is an action over which this Court would have had original jurisdiction had it been filed initially with this Court, and Removal is proper under the provisions of 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is also being filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, Civil Division in and for Lake County, Florida.

12. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

13. By filing this Notice of Removal, Lexington does not waive, and hereby reserves all defenses and objections to Plaintiff's Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

**WHEREFORE**, the Defendant, LANDMARK AMERICAN INSURANCE COMPANY, respectfully requests that this State Court Action be removed to United States District Court of Florida, Middle District, Ocala Division and that it proceeds in this Court as an action properly removed thereto. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse and the jurisdictional amount has been met.

*Respectfully submitted,*

CLAUSEN MILLER P.C.

 */s/ Lindsay Sechrist*
Lindsay Sechrist, Esq., FBN: 86077
***Attorneys for Defendant***
4830 West Kennedy Blvd. #600
Tampa, FL  33609
Phone: 312.606.7680
lsechrist@clausen.com
aschaab@clausen.com
kmoran@clausen.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2019, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record.

By:

CLAUSEN MILLER P.C.

 */s/ Lindsay Sechrist*
Lindsay Sechrist, Esq., FBN: 86077
***Attorneys for Defendant***
4830 West Kennedy Blvd. #600
Tampa, FL  33609
Phone: 312.606.7680
lsechrist@clausen.com
aschaab@clausen.com
kmoran@clausen.com