UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DISCOVERY PRACTICE
MANAGEMENT, INC.,

      Plaintiff,

v.                                        CASE NO.: 5:19-cv-487-JSM-PRL

LANDMARK AMERICAN
INSURANCE COMPANY,

      Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT**

    COMES NOW, the Plaintiff, DISCOVERY PRACTICE MANAGEMENT, INC. ("Plaintiff"), by and through the undersigned attorney, and file this Motion for Enforcement of Settlement Agreement and as grounds therefore as states as follows:

    1.    This matter involves a property insurance claim for the property located at a. 14915 Fostgate Road, Monteverde, Florida 32756.

    2.    On or about September 6, 2019, the Plaintiff filed a Complaint.

    3.    On or about March 19, 2020 the Parties reached a settlement agreement at mediation and a Mediation Report was filed with the Court.

    4.    A Mediated Settlement Agreement was signed on March 19, 2020 by the Parties, which outlined that Defendant would deliver to Plaintiff a General Release and 20 days after the signed release was submitted, "a check for the full amount of the settlement made payable to the Trust Account of Plaintiff's Counsel". See Mediated Settlement Agreement attached hereto marked Exhibit A.

5. On or about March 27, 2020, Defendant provided a General Release to Plaintiff which stated that United Southern Bank and DV Montverde LLC were to be listed on the settlement draft.

6. As this was not the settlement agreement originally entered into, Plaintiff moves to enforce the Mediation Settlement Agreement and requests that Defendant send a revised release reflecting one check in the amount of $120,000.00 made payable to the Stockham Law Group Trust Account in accordance with the attached settlement agreement, Exhibit A.

7. The parties listed above are not named in the policy. The policy has a declarations page which lists "N/A" under loss payees. Attached as Exhibit B.

8. The only evidence that Defendant has to include these parties is an email from a Broker for Defendant. However, any such emails are not part of the party's agreement or the parties contract with each other.

9. Finally, from a legal perspective, the insured is the business, and the other parties above are the property owner and the mortgagee for the property owner. Such entities would have no right or claim to monies paid to the business for business interruption loss, which this claim is for.

10. In this regard, there is no reason to include third parties on the settlement draft, especially in light of the agreement between the parties and the contract of insurance.

WHEREFORE, the Plaintiff, DISCOVERY PRACTICE MANAGEMENT, INC., respectfully requests that this Honorable Court enter an order granting its Motion for Enforcement of Settlement Agreement, whereby compelling the Defendant, LANDMARK INSURANCE COMPANY, to provide a settlement check payable to the Stockham Law Group Trust Account within ten (10) days of said Order, interest on the money owed, award reasonable attorney's fees

to the Plaintiffs for the costs associated with filing, drafting, arguing, and traveling to argue these Motions, as well as sanctions for this behavior, and award such further relief as this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, has been furnished via Electronic Mail to: Ms. Lindsay Sechrist, Esq., 4830 West Kennedy Blvd. #600, Tampa, FL 33609 at lsechrist@clausen.com, aschaab@clausen.com, and anewell@clausen.com on this 24th day of April 2020.

/s/ Vanessa Ross
Vanessa Ross, Esquire
Florida Bar No. 28356
Stockham Law Group, P.A.
1800 2nd Street, Suite 919
Sarasota, FL  34236
Telephone:  (941) 217-7580
Facsimile:   (941) 217-7581
Attorney for Plaintiff
vross@stockhamlawgroup.com
kmorrissey@stockhamlawgroup.com
acarpenter@stockhamlawgroup.com
dsandefur@stockhamlawgroup.com



EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DISCOVERY PRACTICE
MANAGEMENT, INC.,

    Plaintiff,

v.                                  CASE NO.: 5:19-cv-487-JSM-PRL

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

## MEDIATED SETTLEMENT AGREEMENT

A Mediation conference in the above-styled case (the "Litigation") was held on **March 19, 2020**.

At the conclusion of the Mediation conference, **PLAINTIFF DISCOVERY PRACTICE MANAGEMENT, INC. ("PLAINTIFF")** and **DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY ("LANDMARK AMERICAN")** agreed to a settlement, full and final, of any and all claims between PLAINTIFF and LANDMARK AMERICAN arising out of or related in any manner to the Litigation and the claims that were at issue in the Litigation ("Subject Claims"), under the terms and conditions set forth below.

NOW THEREFORE, for and in consideration of the mutual promises set forth below, the legal sufficiency of which is acknowledged, the undersigned parties agree as follows:

1. In full and final settlement of all claims between PLAINTIFF and LANDMARK AMERICAN arising out of or related in any manner to the Subject Claims or the Litigation, LANDMARK AMERICAN will pay PLAINTIFF the total settlement sum of **$120,000.00 (ONE HUNDRED TWENTY THOUSAND and 00/100 DOLLARS)**.

2. To pay the agreed upon settlement, LANDMARK AMERICAN will deliver to counsel for PLAINTIFF, **no later than twenty (20) calendar days after execution of the General Release referenced below**, a check for the full amount of the settlement made payable to the Trust Account of Plaintiff's Counsel (**Stockham Law Group; W-9 to be furnished**).

3. The settlement payments in the total sum set forth above is to be made in exchange for a general release (see paragraph 4 below), dismissal of the Litigation with prejudice (see paragraph 5 below) and the other consideration set forth in this Agreement. Without limitation, the settlement payment settles any and all claims of PLAINTIFF against LANDMARK AMERICAN for damages of any kind arising out of or relating to the Subject Claims or Litigation, including but not limited to any claims for insurance coverage, breach of contract, statutory or common law bad faith, improper or unfair claims practices, negligence, misrepresentation, breach of fiduciary duty, intentional torts, fraud and all other contractual, extra-contractual, common law or statutory causes of action, <u>including</u> any claims for attorney's fees, interest and/or costs.

4. Counsel for PLAINTIFF shall deliver to counsel for LANDMARK AMERICAN a General Release signed by PLAINTIFF prior to LANDMARK AMERICAN being required to deliver any payment due under this Agreement. Counsel for LANDMARK AMERICAN shall provide counsel for PLAINTIFF with a proposed General Release no later than March 26, 2020. ***The General Release shall include confidentiality.*** Any dispute over the language of the General Release that counsel cannot resolve themselves shall be resolved by the Court in the Litigation as soon as practical. The Parties intend to have a binding agreement even if the Court must resolve a dispute over the language to be included in the General Release.

5.  **No later than ten (10) calendar days after payment and receipt of the settlement payment,** counsel for the parties to the Litigation shall prepare and file with the Court the necessary Joint Motion or Notice to obtain Dismissal With Prejudice of the Litigation, with such Dismissal expressly providing that each party shall bear its own attorney's fees and costs. Each party shall bear its own attorneys' fees and costs of the Litigation.

6.  It is understood and agreed that this settlement is in full compromise of <u>disputed</u> claims, and that neither this Agreement nor the payment of any sums pursuant to this settlement shall be construed as an admission of liability.

7.  The undersigned parties acknowledge and agree that each has read this Agreement and approve same after advice and consultation with their independent counsel and with reliance on no other person or entity.

8.  It is the intent of the parties to fully and finally resolve this matter for the settlement payment and terms referenced herein.

9.  Faxed and/or scanned signatures shall be deemed valid and binding as original signatures.

10.  This Agreement may be signed in counterparts; the Mediator will assemble any separate signature pages into a single document with all necessary signature pages attached.

Entered into, agreed and signed by the parties effective as of **March 19, 2020:**

_____  
**DISCOVERY PRACTICE**  
By: Brad Cooper  
Its: President

_____  
**Counsel for PLAINTIFF**  
Vanessa R. Ross, Esq.

_____  
**LANDMARK AMERICAN**  
By:  Daniel Mack  
Its:  Authorized Claims Representative

_____  
**Counsel for LANDMARK AMERICAN**  
Lindsay L. Sechrist, Esq.

_____  
Witness:  Robert M. Daisley, Mediator

10. This Agreement may be signed in counterparts; the Mediator will assemble any separate signature pages into a single document with all necessary signature pages attached.

Entered into, agreed and signed by the parties effective as of **March 19, 2020**:

**DISCOVERY PRACTICE**
By: Brad Cooper
Its: President

**LANDMARK AMERICAN**
By: Daniel Mack
Its: Authorized Claims Representative

**Counsel for PLAINTIFF**
Vanessa R. Ross, Esq.

**Counsel for LANDMARK AMERICAN**
Lindsay L. Sechrist, Esq.

Witness: Robert M. Daisley, Mediator




EXHIBIT B

## COMMERCIAL INLAND MARINE COVERAGE PART DECLARATIONS

1. POLICY NO. LHQ398964                                  EFFECTIVE DATE 12/31/2016

2. NAMED INSURED  Discovery Practice Management, Inc.
   RENEWAL OF  LHQ395008

3. LOCATION                ADDRESS OF LOCATION

   Refer to RSG 94058 0504

| COVERAGE | LIMIT OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| Building, Personal Property, Improvements and Betterements | $ 5,000,000 | $ Please refer to the Deductible & Period of Restoration Endorsement- RSG 94068 *(edition date of form RSG 94068 purposefully omitted in this reference).* | $ Included |
| **MORTGAGEHOLDER/LOSS PAYEE** N/A | | | |
| **FORMS/ENDORSEMENTS APPLICABLE – TO THIS COVERAGE** RSG 71003 1004 | | | |

| COVERAGE | LIMIT OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| Business Income with Extra Expense including "Rental Value" | $ Included above | $ See above | $ Included |
| **MORTGAGE HOLDER/LOSS PAYEE** N/A | | | |
| **FORMS/ENDORSEMENTS APPLICABLE – TO THIS COVERAGE** RSG 74001 1014 | | | |

| COVERAGE | LIMIT OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| Electronic Data Processing | $ Included above | $ See above | $ Included |
| **MORTGAGE HOLDER/LOSS PAYEE** N/A | | | |
| **FORMS/ENDORSEMENTS APPLICABLE – TO THIS COVERAGE** RSG 71003 1004; RSG 74025 0608 | | | |

4. FORMS/ENDORSEMENTS APPLICABLE FOR ALL COVERAGES: SEE SCHEDULE OF POLICY ATTACHMENTS AND FORMS, RSG 94106 1009

   TOTAL PREMIUM FOR THIS COVERAGE PART    $ INCLUDED

THESE DECLARATIONS, WHEN COMBINED WITH THE COMMON POLICY DECLARATIONS, THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE CONTRACT OF INSURANCE.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services, Inc., 1984

RSG 70001 1203